UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

SHAUNDRE and KIMBERLY LASKEY,
Husband and Wife, on behalf of themselves and
others similarly situated,

    Plaintiffs,

    v.                    Case No. 6:22-cv-03194

BLUEGREEN VACATIONS UNLIMITED, INC.,
BLUEGREEN/BIG CEDAR VACATIONS, LLC,
BLUEGREEN WILDERNESS CLUB AT LONG
CREEK RANCH CONDOMINIUM ASSOCIATION,
INC., BLUEGREEN RESORTS MANAGEMENT, INC.,
BIG CEDAR WILDERNESS CLUB CONDOMINIUM
ASSOCIATION, INC., BIG CEDAR WILDERNESS
CLUB II CONDOMINIUM ASSOCIATION, INC., and
RESORT TITLE AGENCY, INC.,

    Defendants.
_____/

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Resort Title Agency, Inc. ("RTA"), while expressly reserving all rights to otherwise respond in this action, hereby removes the above-captioned action pending in the Circuit Court of Christian County, Missouri, Case No. 19CT-CC00126, to the United States District Court for the Western District of Missouri, Southern Division. In support of removal, RTA states:

I.  **RELEVANT BACKGROUND**

1. On September 21, 2018, Plaintiffs Shaundre and Kimberly Laskey ("Plaintiffs") and Edward and Connie Boyd[1] filed an action styled *Boyd, et. al. v. Bluegreen Vacations Unlimited, Inc., et al.*, Case No. 1846-CC-00181, in the Circuit Court of Taney County, Missouri.

2. On June 5, 2019, the case was transferred to the Circuit Court of Christian County, Missouri (the "State Court"), as *Laskey, et al. v. Bluegreen Vacations Unlimited, Inc.*, Case No. 19CT-CC00126 (the "State Court Action").

3. On June 21, 2022, Plaintiffs filed a Motion for Leave to File Third Amended Petition.

4. On July 6, 2022, the State Court granted Plaintiffs' Motion for Leave to File Third Amended Petition and deemed Plaintiffs' Third Amended Petition ("Complaint") filed as of that date.[2]

5. Plaintiffs' Complaint was the first pleading naming, and asserting claims against, RTA as a Defendant in the State Court Action.

6. On July 15, 2022, counsel for RTA accepted service of the Complaint.

7. In the Complaint, Plaintiffs allege both individual claims, asserted only on their behalf (Compl, ¶¶ 16-29), and claims on their behalf and on behalf of a class (*id.* ¶¶ 30-66).

8. With respect to the class allegations and claims, Plaintiffs allege that Defendants unlawfully charged a fee for preparing and/or processing documents of legal significance in connection with the sales of timeshare interests. (*See id.* ¶¶ 31-40.)

---

[1] Edward and Connie Boyd's claims were dismissed on October 22, 2019 in favor of arbitration.

[2] To correspond with the language used in the federal courts, RTA will hereafter refer to Plaintiffs' Third Amended Petition filed in the State Court Action as the "Complaint."

9. Plaintiffs assert three causes of action on behalf of the class: (i) a violation of Mo. Rev. Stat. § 484.010, *et seq.*; (ii) a violation of the Missouri Merchandising Practices Act (the "MMPA"), Mo. Rev. Stat. § 407.010, *et seq.*; and (iii) money had and received. (*See id.*, ¶¶ 49-66.)

10. Plaintiffs seek to recover, on behalf of the class, compensatory damages relating to all of the allegedly unlawfully charged fees, as well as treble damages with respect to certain of the fees, punitive damages, and attorneys' fees. (*See id.* ¶¶ 54-55, 62, 66, and "Wherefore" paragraph, pp. 13-15, at subparts (c), (g), (h), (i), and (j)).

11. The State Court had previously entered an Order certifying the following class (the "Class"):

> All persons or entities who (a) purchased a Missouri timeshare interest from Defendants on or after September 21, 2013, (b) were charged Closing Costs in connection with that transaction, and (c) did not rescind or cancel their timeshare purchase contract.[3]

12. RTA has not filed a responsive pleading to Plaintiffs' Complaint and by removing this action, RTA does not admit or otherwise agree with any of the allegations in Plaintiffs' Complaint.

13. RTA expressly preserves any available defenses and all of its rights, including any and all defenses to Plaintiffs' claims on the merits and any and all rights to oppose class certification.

14. Copies of all process, pleadings, and orders served on all Defendants, which comprise the complete State Court file, are attached as Exhibit 1.

---

[3] That August 31, 2020 State Court Order was entered with respect to Plaintiffs' then-operative Second Amended Petition, which also alleged claims relating to the allegedly unlawful fees at issue. As noted, RTA was not a party in the State Court Action at that time.

3

15. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), which provides that a defendant may file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." *See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348-49 (1999).

16. Copies of this Notice of Removal will promptly be filed with the Clerk of the Circuit Court of Christian County, Missouri and served on Plaintiffs' counsel of record under 28 U.S.C. § 1446(d).

17. The Civil Cover Sheet is attached hereto as Exhibit 2.

18. This case properly may be removed to this United States District Court under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

19. This action is not one that is described in 28 U.S.C. § 1445.

20. The Circuit Court of Christian County, Missouri is located within the jurisdiction of the United States District Court for the Western District of Missouri and within the Southern Division of this Court. *See* Local Rule 3.2(a).3.A. As such, removal to this Court is proper. *See* 28 U.S.C. § 1441(a).

## II. REMOVAL IS PROPER UNDER CAFA

21. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005 ("CAFA"), because (*i*) this is a putative class action plaintiff class of 100 or more members; (*ii*) the matter in controversy exceeds $5 million, exclusive of interest and costs, under Plaintiffs' theory of recovery; and (*iii*) minimum diversity is satisfied. 28 U.S.C. § 1332(d)(2). Removal is therefore authorized by 28 U.S.C. § 1441.

22. Although not required, *see* 28 U.S.C. § 1453(b), each of the other Defendants consents to removal by RTA.

### A. The Class Action Requirement Is Satisfied.

23. CAFA defines "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

24. This action is a "class action" within the meaning of 28 U.S.C. § 1332(d)(1)(B) because it was filed under a state statute or rule of judicial procedure, Missouri Supreme Court Rule 52.08, that, like Fed. R. Civ. P. 23, authorizes an action to be brought by one or more representative persons as a class action. (Compl. ¶ 48.)

25. In their Complaint, Plaintiffs purport to represent a Class of "all persons or other entities who were charged and who paid a document fee to Defendants, and who entered into said contracts in the State of Missouri and/or related to timeshares and packages relating to property in the State of Missouri." (*Id.* ¶ 41.) Plaintiffs allege that the Class "consist[s] of thousands of customers who were charged said document fees, the joinder of which is impracticable, and the members of the class are so numerous that it is impractical to bring all of them before the Court in this action." (*Id.* ¶ 42); *see, e.g.*, *Hargis v. Access Cap. Funding, LLC*, No. 4:09CV604CDP, 2009 WL 2757051, at *1 (E.D. Mo. Aug. 26, 2009) (holding that such an allegation "is enough to show that the class has more than 100 members"), *aff'd,* 674 F.3d 783 (8th Cir. 2012).

26. On August 31, 2020, the State Court certified the Class, which is comprised of 25,111 individuals, as established by documents produced in discovery.

27. The requirement that the proposed class involves 100 or more members is easily satisfied.

### B. The Amount in Controversy Requirement Is Satisfied.

28. The amount in controversy requirement is satisfied under the theory asserted by Plaintiffs because the claims of putative class members, aggregated together, exceeds the sum or value of $5 million exclusive of interest and costs. 28 U.S.C. § 1332(d)(2), (d)(6). "If the class action complaint does not allege that more than $5 million is in controversy, 'a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 983 (8th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)).

29. Plaintiffs, on behalf of the Class, seek to recover compensatory damages encompassing the allegedly unlawful fees, treble damages on certain of those fees, punitive damages with respect to all of those fees, and attorneys' fees, all of which are included for purposes of calculating the amount in controversy under CAFA. *See, e.g.*, *Faltermeier v. FCA US LLC*, 899 F.3d 617, 622 (8th Cir. 2018) (holding that the CAFA amount in controversy was met for a class of Missouri residents seeking damages and attorneys' fees under MMPA); *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 824 n.2 (8th Cir. 2010) (observing that there was no dispute that defendant had satisfied its burden to establish CAFA's $5 million amount in controversy requirement based on the prayer for actual damages, treble damages, punitive damages, and statutory attorneys' fees).

30. As defined by the State Court and further determined by the parties during discovery, there are 12,866 transactions (consisting of 25,111 individuals, most of whom are married couples) encompassed by the Class, each of which involves a disputed $350.00 fee.[4]

---

[4] Purchasers who made their purchase on or after April 17, 2017 were excluded from the Class by the parties in discovery because such purchasers' claims are subject to mandatory, individual arbitration.

31. As a result, there is $4,503,100 in compensatory damages (12,866 x $350.00) at issue with respect to the Class's claims.

32. Plaintiffs also seek to recover on behalf of the Class treble damages pursuant to Mo. Rev. Stat. § 484.020 relating to transactions that occurred between September 18, 2016 and April 16, 2017.[5] There were 2,483 transactions during that period, each involving the allegedly unlawful $350.00 fee. As a result, there is $1,738,100 at issue (2,483 x $350.00 x 2) with respect to treble damages.

33. There is thus $6,241,200 at issue with respect to compensatory and treble damages alone. *See, e.g.*, *Hargis*, 2009 WL 2757051, at *2 (amount in controversy satisfied by compensatory and treble damages sought, even when looking back only to two years for treble damages under Mo. Rev. Stat. § 484.020).

34. Plaintiffs also seek to recover punitive damages on behalf of the Class. *See* Mo. Rev. Stat. § 407.025.2(1) (authorizing an award of punitive damages). Courts have held that punitive damages can match or exceed an award of compensatory damages, including in MMPA claims.[6]

---

One such example of this is Eddie and Connie Boyd, who, as noted above, were named as plaintiffs in earlier pleadings but whose claims were later dismissed in favor of arbitration.

[5] Mo. Rev. Stat. § 484.020.2 contains a two-year statute of limitations. The State Court Action was originally filed on September 18, 2018. As a result, only claims on or after September 18, 2016 are cognizable under Mo. Rev. Stat. § 484.020.2, which Plaintiffs acknowledge in their Complaint. (*See* Compl. ¶ 54.) As noted above, transactions that occurred on or after April 17, 2017 have been excluded from the Class because they are subject to mandatory, individual arbitration.

[6] *See, e.g.*, *Schott v. Overstock.com, Inc.*, No. 4:20-CV-00684-MTS, 2021 WL 148875, at *4 (E.D. Mo. Jan. 15, 2021) (denying remand of MMPA claims in part because defendant had provided case law showing that punitive damages in MMPA cases could plausibly amount to at least four times compensatory damages, easily clearing CAFA's amount-in-controversy hurdle); *Harrington Enters., Inc. v. Safety-Kleen Sys., Inc.*, 42 F. Supp. 3d 1197, 1201 (W.D. Mo. 2013) (concluding that punitive damages five times the combined amount of compensatory damages and attorney's fees was plausible in holding CAFA's amount-in-controversy was met); *see also Baker v. NNW, LLC*, No. 15-00222-CV-W-GAF, 2015 WL 12843831, at

35. Applying a punitive damages to compensatory damages ratio, there is $18,012,400 (4 x $4,503,100) at issue with respect to punitive damages. *See, e.g.*, *Bass v. Carmax Auto Superstores, Inc.*, No. 07-0883-CV-W-ODS, 2008 WL 441962, at *2 (W.D. Mo. Feb. 14, 2008) (holding that CAFA amount in controversy was satisfied by potential for punitive damages award of 6.7 times the compensatory damages at issue).

36. Plaintiffs also seek to recover their attorneys' fees. *See* Mo. Rev. Stat. § 407.025.2(2) (authorizing an award of attorneys' fees). Awards of attorneys' fees can equal 1/3 or more of awarded compensatory damages in MMPA claims.[7]

37. Applying a 1/3 attorneys' fees to compensatory damages ratio, there is $1,486,023 (1/3 x $4,503,100) at issue with respect to attorneys' fees.

38. While RTA denies that Plaintiffs or any putative class members are entitled to recover any amount (or any other relief), Plaintiffs plainly seek to recover an aggregate amount over $5 million.

**C.     The Minimal Diversity Requirement Is Satisfied.**

39. The minimal diversity of citizenship provision of 28 U.S.C. § 1332(d)(2)(A), requiring that "any member of a class of plaintiffs is a citizen of a State different from any defendant," is satisfied here.

---

*2 (W.D. Mo. June 1, 2015) (applying a 4.8:1 punitive damages to combined compensatory damages and attorney's fees ratio).

[7] *See, e.g.*, *Schott*, 2021 WL 148875, at *4 (holding that courts may assume attorney's fees comprise 33% of actual damages in MMPA case while assessing whether CAFA's required amount in controversy was met); *Faltermeier v. FCA US LLC*, No. 4:15-cv-00491-DGK, 2016 WL 10879705, at *4 (W.D. Mo. May 26, 2016) (attorney's fees could reach $1.4 million, representing 38.8% of compensatory damages, in MMPA case removed under CAFA), *aff'd*, 899 F.3d 617, 622 (8th Cir. 2018); *Baker*, 2015 WL 12843831, at *2 (assuming attorney's fees of 33% in MMPA case).

40. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). *See also GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004).

41. RTA is a Florida corporation with its principal place of business in Florida and is therefore a citizen of Florida.

42. Defendant Bluegreen Vacations Unlimited, Inc. is a Florida corporation with its principal place of business in Florida and is therefore a citizen of Florida.

43. Although Plaintiffs' Complaint also names several other Defendants, those other Defendants (Bluegreen/Big Cedar Vacations, LLC; Bluegreen Wilderness Club at Long Creek Ranch Condominium Association, Inc.; Bluegreen Resorts Management, Inc.; Big Cedar Wilderness Club Condominium Association, Inc.; and Big Cedar Wilderness Club II Condominium Association, Inc.) were previously dismissed by the State Court as a sanction, and were improperly renamed in the Complaint. In its November 8, 2021 Order, the State Court held:

> It is not lost on the Court that the Court is once again finding that Plaintiffs' counsel have not been honest with the Court, that Plaintiffs are being deliberately evasive in their discovery responses, and that Defendants are prejudiced. Plaintiffs have repeatedly failed to comply with the Court's Orders regarding discovery. As a sanction, the Court orders that Plaintiffs' claims against Defendants Bluegreen/Big Cedar Vacations, LLC, Bluegreen Wilderness Club at Long Creek Ranch Condominium Association, Inc., Bluegreen Resorts Management, Inc., Big Cedar Wilderness Club Condominium Association, Inc., and Big Cedar Wilderness Club II Condominium Association, Inc. are hereby stricken and said Defendants are dismissed from this lawsuit without prejudice.

44. In any event, the citizenship of the other, improperly-named Defendants is irrelevant under 28 U.S.C. § 1453(b), because "[a] class action may be removed to a district court of the United States in accordance with section 1446 . . . without regard to whether any defendant is a citizen of the State in which the action is brought." And none of the other, improperly re-

named Defendants' conduct, *e.g.*, the conduct of condominium owners associations, could reasonably be construed to in any way to form the basis of any of Plaintiffs' individual claims or the Class's claims.

45. Plaintiffs Shaundre and Kimberly Laskey are citizens of Oklahoma.

46. Class Members are citizens of various states throughout the country: 18,663 of the 25,111 Class Members are citizens of states other than Missouri.

47. Minimal diversity of citizenship is therefore easily satisfied because at least one prospective class member is a citizen of a state different from RTA.

## III. CONCLUSION

48. For the reasons set forth herein, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, this action may be removed to this Federal District Court.

WHEREFORE, Defendant Resort Title Agency, Inc. removes this action from the Circuit Court of Christian County, Missouri, to the United States District Court for the Western District of Missouri, Southern Division; requests that no further proceedings be had in the Circuit Court of Christian County, Missouri, Case No. 19CT-CC00126; and prays for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**LEWIS RICE LLC**

Dated: July 29, 2022　　　By:　/s/ Michael L. Jente
　　　　　　　　　　　　　　　Michael L. Jente, #62980MO
　　　　　　　　　　　　　　　600 Washington Avenue, Suite 2500
　　　　　　　　　　　　　　　St. Louis, Missouri 63101
　　　　　　　　　　　　　　　(314) 444-7600 (telephone)
　　　　　　　　　　　　　　　(314) 241-6056 (facsimile)
　　　　　　　　　　　　　　　mjente@lewisrice.com

　　　　　　　　　　　　　　　and

　　　　　　　　　　　　　　　GRACE L. MEAD
　　　　　　　　　　　　　　　Florida Bar No. 49896
　　　　　　　　　　　　　　　*Pro Hac Vice* Application Forthcoming
　　　　　　　　　　　　　　　gmead@stearnsweaver.com
　　　　　　　　　　　　　　　ANDREA N. NATHAN
　　　　　　　　　　　　　　　Florida Bar No. 16816
　　　　　　　　　　　　　　　*Pro Hac Vice* Application Forthcoming
　　　　　　　　　　　　　　　anathan@stearnsweaver.com
　　　　　　　　　　　　　　　VERONICA L. DE ZAYAS
　　　　　　　　　　　　　　　Florida Bar No. 91284
　　　　　　　　　　　　　　　*Pro Hac Vice* Application Forthcoming
　　　　　　　　　　　　　　　vdezayas@stearnsweaver.com
　　　　　　　　　　　　　　　STEARNS WEAVER MILLER
　　　　　　　　　　　　　　　WEISSLER ALHADEFF & SITTERSON, P.A.
　　　　　　　　　　　　　　　Museum Tower, Suite 2200
　　　　　　　　　　　　　　　150 West Flagler Street
　　　　　　　　　　　　　　　Miami, Florida  33130
　　　　　　　　　　　　　　　Telephone:　(305) 789-3200
　　　　　　　　　　　　　　　Facsimile:　(305) 789-3395

　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　*Resort Title Agency*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically filed via the Court's CM/ECF system and was served via e-mail and mailed, first class postage prepaid, to the following on this 29th day of July, 2022:

Mark E. Parrish
Raymond E. Salva, Jr.
Joshua A. Sanders
Erica Fumagalli
BOYD KENTER THOMAS & PARRISH, LLC
221 W. Lexington Avenue, Suite 200
Independence, Missouri 64501

M. Scott Montgomery
MONTGOMERY AND NEWCOMB, LLC
435 E. Walnut St.
Springfield, Missouri 65806

*Attorneys for Plaintiffs*

/s/ Michael L. Jente