UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

SHAUNDRE and KIMBERLY LASKEY,
Husband and Wife, on behalf of themselves and
others similarly situated,

    Plaintiffs,

v.                                        Case No. 6:22-cv-03194-DPR

BLUEGREEN VACATIONS UNLIMITED, INC.,
BLUEGREEN/BIG CEDAR VACATIONS, LLC,
BLUEGREEN WILDERNESS CLUB AT LONG
CREEK RANCH CONDOMINIUM ASSOCIATION,
INC., BLUEGREEN RESORTS MANAGEMENT, INC.,
BIG CEDAR WILDERNESS CLUB CONDOMINIUM
ASSOCIATION, INC., BIG CEDAR WILDERNESS
CLUB II CONDOMINIUM ASSOCIATION, INC., and
RESORT TITLE AGENCY, INC.,

    Defendants.
_____/

## RESORT TITLE AGENCY INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED PETITION

Defendant Resort Title Agency, Inc. ("RTA"), by and through its undersigned attorneys, hereby file its Answer and Affirmative Defenses to Plaintiff's Third Amended Petition ("Complaint"). RTA denies each and every allegation not expressly admitted, and reproduces the headings from the Complaint for reference only and without admitting anything contained in those headings.

### General Allegations Common to All Counts

1.     The allegations of Paragraph 1 are directed to Defendants other than RTA, thus no response is required and RTA, therefore, denies them.

2. The allegations of Paragraph 2 are directed to Defendants other than RTA, thus no response is required and RTA, therefore, denies them.

3. The allegations of Paragraph 3 are directed to Defendants other than RTA, thus no response is required and RTA, therefore, denies them.

4. The allegations of Paragraph 4 are directed to Defendants other than RTA, thus no response is required and RTA, therefore, denies them.

5. The allegations of Paragraph 5 are directed to Defendants other than RTA, thus no response is required and RTA, therefore, denies them.

6. The allegations of Paragraph 6 are directed to Defendants other than RTA, , thus no response is required and RTA, therefore, denies them.

7. Admitted.

8. Paragraph 8 states legal conclusions to which no response is required and RTA, therefore, denies them.

9. Paragraph 9 states legal conclusions to which no response is required and RTA, therefore, denies them.

10. Paragraph 10 states legal conclusions to which no response is required and RTA, therefore, denies them.

11. Admitted.

12. Paragraph 12 states legal conclusions to which no response is required and RTA, therefore, denies them.

13. Paragraph 13 states legal conclusions to which no response is required and RTA, therefore, denies them.

14. Paragraph 14 states legal conclusions to which no response is required and RTA, therefore, denies them.

15. RTA denies that it is a timeshare sales company or travel club that provides vacation services to the public. To the extent this allegation is directed to Defendants other than RTA, no response is required and RTA, therefore, denies it.

**Count I – Violations of the Missouri Merchandising Practices Act (Laskey)**

16. RTA admits that Plaintiffs Shaundre and Kimberly Laskey purchased a timeshare interest on March 29, 2014. The remaining allegations of Paragraph 16 state legal conclusions to which no response is required and RTA, therefore, denies them.

17. RTA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies them.

18. RTA admits that Exhibit B to the Third Amended Petitions appears to contain parts of the purchase agreement signed by the Laskeys.

19. Denied.

20. Denied, including all sub-parts.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Plaintiffs' Owner Beneficiary Agreement speaks for itself. RTA denies the remaining allegations in Paragraph 26. To the extent this allegation is directed to Defendants other than RTA, no response is required and RTA, therefore, denies it.

3

The allegations of the "WHEREFORE" clause state legal conclusions to which no response is required and RTA, therefore, denies them. Further, RTA denies that Plaintiffs are entitled to any of the requested relief.

## COUNT II – RESCISSION (LASKEY)

27. RTA realleges and incorporates herein by reference its responses to all of the foregoing paragraphs of Plaintiffs' Complaint.

28. RTA denies that any "document fee" was charged to Plaintiffs. The remaining allegations of Paragraph 28 state legal conclusions to which no response is required and RTA, therefore, denies them. RTA cannot respond to the allegation "as is set forth in Count III, above," as there is no "Count III, above" in this Complaint; RTA, therefore, denies it.

29. Denied.

The allegations of the "WHEREFORE" clause state legal conclusions to which no response is required and RTA, therefore, denies them. Further, RTA denies that Plaintiffs are entitled to any of the requested relief.

## CLASS-WIDE ALLEGATIONS FOR CLASS I

30. Paragraph 30 states legal conclusions to which no response is required and RTA, therefore, denies them.

31. RTA denies the allegations in paragraph 31, some of which state legal conclusions to which no response is required. To the extent these allegations are directed to Defendants other than RTA, no response is required and RTA, therefore, denies them.

32. RTA denies the allegations in paragraph 32, some of which state legal conclusions to which no response is required. To the extent these allegations are directed to Defendants other than RTA, no response is required and RTA, therefore, denies them.

33. Denied. To the extent these allegation are directed to Defendants other than RTA, no response is required and RTA, therefore, denies them.

34. The allegations of Paragraph 34 state legal conclusions to which no response is required and RTA, therefore, denies them.

35. The allegations of Paragraph 35 state legal conclusions to which no response is required and RTA, therefore, denies them.

36. The allegations of Paragraph 36 state legal conclusions to which no response is required and RTA, therefore, denies them.

37. The allegations of Paragraph 37 state legal conclusions to which no response is required and RTA, therefore, denies them.

38. RTA denies that it charged and collected a "documentation fee." RTA admits that Exhibit A appears to contain parts of Plaintiffs' purchase agreement. To the extent these allegation are directed to Defendants other than RTA, no response is required and RTA, therefore, denies them.

39. Denied.

40. The allegations of Paragraph 40 state legal conclusions to which no response is required and RTA, therefore, denies them.

41. RTA denies that it collected a "document fee." The remaining allegations of Paragraph 41 state legal conclusions to which no response is required and RTA, therefore, denies them.

42. RTA denies that it charged and collected a "document fee." The remaining allegations of Paragraph 42 state legal conclusions to which no response is required and RTA, therefore, denies them.

43. The allegations of Paragraph 43 state legal conclusions to which no response is required and RTA, therefore, denies them.

44. RTA denies that it charged a "document fee." The remaining allegations of Paragraph 44 state legal conclusions to which no response is required and RTA, therefore, denies them, including all subparts of Paragraph 44.

45. The allegations of Paragraph 45 state legal conclusions to which no response is required and RTA, therefore, denies them.

46. RTA denies that it charged an "illegal document fee." The remaining allegations of Paragraph 46 state legal conclusions to which no response is required and RTA, therefore, denies them.

47. RTA denies that it engaged in a "scheme[] to collect fees." The remaining allegations of Paragraph 47 state legal conclusions to which no response is required and RTA, therefore, denies them.

48. The allegations of Paragraph 48 state legal conclusions to which no response is required and RTA, therefore, denies them.

**CLASS COUNTS FOR CLASS I**
**COUNT I: DAMAGES FOR VIOLATION OF RSMo. § 484.010,** *et seq.*

49. RTA realleges and incorporates herein by reference its responses to all of the foregoing paragraphs of Plaintiffs' Complaint.

50. The allegations of Paragraph 50 state legal conclusions to which no response is required and RTA, therefore, denies them.

51. The allegations of Paragraph 51 state legal conclusions to which no response is required and RTA, therefore, denies them.

52. Denied.

53. RTA denies that it charged a "document fee." The remaining allegations of Paragraph 53 state legal conclusions to which no response is required and RTA, therefore, denies them.

54. RTA denies that it charged a "document fee." The remaining allegations of Paragraph 54 state legal conclusions to which no response is required and RTA, therefore, denies them.

55. The allegations of Paragraph 55 state legal conclusions to which no response is required and RTA, therefore, denies them.

The allegations of the "WHEREFORE" clause state legal conclusions to which no response is required and RTA, therefore, denies them. Further, RTA denies that Plaintiffs are entitled to any of the requested relief.

**COUNT II: DAMAGES FOR VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT**

56. RTA realleges and incorporates herein by reference its responses to all of the foregoing paragraphs of Plaintiffs' Complaint.

57. The allegations of Paragraph 57 state legal conclusions to which no response is required and RTA, therefore, denies them.

58. RTA denies that it charged a "document fee." The remaining allegations of Paragraph 58 state legal conclusions to which no response is required and RTA, therefore, denies them.

59. The allegations of Paragraph 59 state legal conclusions to which no response is required and RTA, therefore, denies them.

60. Denied.

61. The allegations of Paragraph 61 state legal conclusions to which no response is required and RTA, therefore, denies them.

62. The allegations of Paragraph 62 state legal conclusions to which no response is required and RTA, therefore, denies them.

The allegations of the "WHEREFORE" clause state legal conclusions to which no response is required and RTA, therefore, denies them. Further, RTA denies that Plaintiffs are entitled to any of the requested relief.

## COUNT III: MONEY HAD AND RECEIVED

63. RTA realleges and incorporates herein by reference its responses to all of the foregoing paragraphs of Plaintiffs' Complaint.

64. Denied.

65. The allegations of Paragraph 65 state legal conclusions to which no response is required and RTA, therefore, denies them.

66. The allegations of Paragraph 66 state legal conclusions to which no response is required and RTA, therefore, denies them.

The allegations of the "WHEREFORE" clause state legal conclusions to which no response is required and RTA, therefore, denies them. Further, RTA denies that Plaintiffs are entitled to any of the requested relief.

## REQUEST FOR RELIEF

The allegations in the Request for Relief state legal conclusions to which no response is required and RTA, therefore, denies them, including all sub-parts. Further, RTA denies that Plaintiffs are entitled to any of the requested relief.

## **AFFIRMATIVE DEFENSES**

RTA will rely on all defenses available to it at the time of trial of this matter and reserves the right to amend its Answer and Affirmative Defenses. For its affirmative defenses, RTA alleges as follows, without assuming the burden of proof where the burden is otherwise on Plaintiffs.

### First Affirmative Defense

Although all individuals who purchased a timeshare interest on or after April 17, 2017 were excluded from the Class, such individuals' claims would otherwise be subject to mandatory arbitration pursuant to the terms and conditions of their Owner Beneficiary Agreements.

### Second Affirmative Defense

Plaintiffs' claims are barred by the applicable statutes of limitations, including that set forth in Mo. Rev. Stat. § 484.020(2), Mo. Rev. Stat. § 516.120, and at common law.

### Third Affirmative Defense

Plaintiffs are estopped from recovering under the Missouri Merchandising Practices Act. Plaintiffs agreed to the terms and conditions set forth in their Owner Beneficiary Agreement. By agreeing to the terms of the Owner Beneficiary Agreement and accepting its benefits, Plaintiffs induced RTA's reliance. RTA relied on Plaintiffs' agreement and conduct to its detriment such that Plaintiffs are estopped from seeking the relief they now demand.

### Fourth Affirmative Defense

Plaintiffs are barred from recovering under the Missouri Merchandising Practices Act based upon their waiver of the right to object to the Owner Beneficiary Agreement into which they entered. Plaintiffs agreed to the terms of the Owner Beneficiary Agreement and accepted the benefits of it, with full knowledge of the terms and conditions set forth in the Agreement. By agreeing to the terms of the Agreement and accepting its benefits, Plaintiffs intentionally relinquished their right to the relief they now seek.

### Fifth Affirmative Defense

Plaintiffs are barred from any equitable relief due to their unclean hands. Plaintiffs agreed to the terms and obligations of the Owner Beneficiary Agreement and accepted its benefits, and then concocted their lawsuit as a pretext to avoid those obligations and obtain damages they are not owed.

### Sixth Affirmative Defense

Plaintiffs' claims are barred by the doctrine of laches. Plaintiffs agreed to the terms of the Owner Beneficiary Agreement. Plaintiffs accepted the benefits of the Agreement and failed to assert their rights by suit even after they had knowledge of the alleged misrepresentations. RTA lacked knowledge that Plaintiffs would assert their rights under the Missouri Merchandising Practices Act and will be injured if Plaintiffs recover under the Act.

### Seventh Affirmative Defense

RTA is entitled to offset the amounts due to it from Plaintiffs from any amount that might be due to Plaintiffs.

### Eighth Affirmative Defense

Plaintiffs' claims against RTA under the MMPA are barred as the MMPA does not apply to institutions, companies, or entities that are subject to chartering, licensing, or regulation by the director of the department of insurance, *see* Mo. Rev. Stat. § 407.020.2(2).

Respectfully submitted,

**LEWIS RICE LLC**

Dated: July 29, 2022    By: /s/ Michael L. Jente
Michael L. Jente, #62980MO
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
(314) 444-7600 (telephone)
(314) 241-6056 (facsimile)
mjente@lewisrice.com

and

Grace L. Mead
Florida Bar No. 49896
*Pro Hac Vice* Application Forthcoming
gmead@stearnsweaver.com
Andrea N. Nathan
Florida Bar No. 16816
*Pro Hac Vice* Application Forthcoming
anathan@stearnsweaver.com
Veronica L. de Zayas
Florida Bar No. 91284
*Pro Hac Vice* Application Forthcoming
vdezayas@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

*Attorneys for Defendant*
*Resort Title Agency, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of July 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Michael L. Jente